# UNITED STATES DISTRICT COURT

### District of Connecticut

#### U. S. Probation & Pretrial Services

**Jesse J. Gomes**
Chief United States Probation Officer

157 Church St., 17th Floor
New Haven, CT 06510
Phone: (203) 773-2100
Fax: (203) 773-2200

450 Main St., Room 735
Hartford, CT 06103
Phone: (860) 240-3661
Fax: (860) 240-2620

915 Lafayette Blvd., Room 200
Bridgeport, CT 06604
Phone: (203) 579-5707
Fax: (203) 579-5571

## **M E M O R A N D U M**

July 31, 2024

**To:** The Honorable Michael P. Shea
Chief U.S. District Judge
Hartford, Connecticut

**From:** John H. Wackerman III
Sr. U.S. Probation Officer
Hartford, Connecticut

**Subject:** MARSH, Jordan
Docket Number: 3:13CR00185(MPS)
**Status Update: Mr. Marsh.**

By way of background, on September 24, 2021, a memorandum was submitted to the Court in preparation for Mr. Marsh's scheduled transition from Whiting Forensic Hospital to A Common Bond (ACB). Subsequently, on March 9, 2022, June 28, 2022, September 28, 2022, February 21, 2023, June 20, 2023, October 27, 2023, and February 23, 2024, memorandums were submitted to the Court reporting on Mr. Marsh's compliance with his conditions of supervision, to include treatment.

On July 30, 2024, a Treatment Team Meeting was conducted with all service providers regarding Mr. Marsh's ongoing adjustment. Since the last status report, filed on February 23, 2024, Mr. Marsh has continued working within the apprenticeship program, facilitated by Continuum of Care. Reports indicate a positive presence within the team, resulting in high praise from his co-workers and supervisor. In addition, Mr. Marsh attends services at the CREST Program, participating in group once per week. The program has continued to report Mr. Marsh's engagement in groups with compliance regarding attendance.

As it relates to mental health treatment and medication, Mr. Marsh has continued to work with CMHC and attend all appointments for medication compliance, assessment, and adjustments. Throughout his time with CMHC, Mr. Marsh has expressed displeasure with medications and a desire to discontinue. During the most recent Treatment Team Meeting, all stakeholders discussed Mr. Marsh's lack of insight (not unlike others dealing with similar diagnosis) in the connection of his success to his medication regimen. Comments from the prescribing

psychiatrist suggest Mr. Marsh's anxiety relating to wanting to comply, can present a barrier in him providing input to any negative side effects that might be a result of medications. The belief of the entire team is Mr. Marsh's anxiety may be a result of his own fear of returning to a locked inpatient program, such as Dutcher Hall. Nonetheless, the team has reiterated the focus on provided opportunity for Mr. Marsh to develop a level of "buy-in" for treatment services and medication, despite him showing little insight since his release to community programming, which taking into consideration his TBI history, further complicates his development of insight.

Mr. Marsh has expressed his desire to relocate out of New Haven to several locations but more recently discussed returning to South Windsor. To this effect, the team discussed the feasibility to begin discharge planning prior to termination of supervision. As a result of discussion, it was determined South Windsor could provide the most benefit for Mr. Marsh, remaining with State of Connecticut services, including the local mental health authority, which facilitates a housing voucher program that could assist in maintaining Mr. Marsh's connection, beyond his term of probation.

At this time, Mr. Marsh continues to maintain residence at Brownell, a 12-hour staffed residential program without issues. Mr. Marsh's adjustment has been stable, with staff reporting on his overall independence making appointments and utilizing transportation to get to and from his commitments. The conservatorship has continued without issue, and will remain in effect, should Mr. Marsh continue to reside in Connecticut.

Currently, the Probation Office and treatment team anticipate reconvening prior to, or in October, to discuss identification of resources, initial discharge planning, Mr. Marsh's commitment to such plan and timeline thereafter.

Should Your Honor wish to discuss this matter further, I will make myself available at the court's convenience.

Cc/ Kelly Barrett, Assistant Federal Defender, and
    Katherine E. Boyles, Assistant U.S. Attorney