**UNITED STATES DISTRICT COURT**

District of Connecticut

U. S. Probation & Pretrial Services

**Jesse J. Gomes**
Chief United States Probation Officer

157 Church St., 17th Floor
New Haven, CT 06510
Phone: (203) 773-2100
Fax: (203) 773-2200

450 Main St., Room 735
Hartford, CT 06103
Phone: (860) 240-3661
Fax: (860) 240-2620

915 Lafayette Blvd., Room 200
Bridgeport, CT 06604
Phone: (203) 579-5707
Fax: (203) 579-5571

## MEMORANDUM

October 24, 2024

**To:**   The Honorable Michael P. Shea
Chief U.S. District Judge
Hartford, Connecticut

**From:**   John H. Wackerman III
Sr. U.S. Probation Officer
Hartford, Connecticut

**Subject:**   MARSH, Jordan
Docket Number: 3:13CR00185(MPS)
**Status Update: Mr. Marsh.**

By way of background, on September 24, 2021, a memorandum was submitted to the Court in preparation for Mr. Marsh's scheduled transition from Whiting Forensic Hospital to A Common Bond (ACB). Subsequently, on March 9, 2022, June 28, 2022, September 28, 2022, February 21, 2023, June 20, 2023, October 27, 2023, February 23, 2024 and July 31, 2024, memorandums were submitted to the Court reporting on Mr. Marsh's compliance with his conditions of supervision, to include treatment.

On September 26, 2024, a Treatment Team Meeting was conducted with all service providers regarding Mr. Marsh's ongoing adjustment. Mr. Marsh continues doing well within his treatment services. He has continued to attend all scheduled appointments and adhere to his medication in collaboration with his provider. Additionally, Mr. Marsh has continued to hold employment and information indicates he is a valued member alongside his coworkers.

As it relates to mental health treatment and medication, Mr. Marsh continues to express displeasure with medications and a desire to discontinue treatment services once he has completed his term of probation. As a result of this continued perspective, on October 18, 2024, an additional meeting was held with all stakeholders, to discuss certain approaches and options. In addition, Mr. Marsh was asked to participate after options were discussed so that he could be presented with any level of discharge planning.

Discussion with stakeholders revealed a range of options for Mr. Marsh to consider, to include staying at the Brownell transitional housing program (this would require continued connection to treatment), identifying a region of Connecticut he would like to reside, and connecting to those local resources. Ultimately, Mr. Marsh joined the meeting and maintained his perspective of not wanting to attend services following completion of probation. Mr. Marsh made comment that he would like to accomplish things on his own. When asked further about his plans and how he would navigate a move, he was unable to articulate in detail. This is largely seen as reflective in barriers of his cognitive deficits because of traumatic brain injury. Nonetheless, after Mr. Marsh stated his goal of obtaining his own apartment, he was informed of the assistance that could be provided and was asked to identify several towns so that staff may begin assisting him on various information to consider (rent amount, mass transit, employment, and community-based services). Mr. Marsh was agreeable but maintained no longer wanting treatment services, following completion of supervision.

Should Your Honor wish to discuss this matter further, I will make myself available at the court's convenience.

Cc/ Kelly Barrett, Assistant Federal Defender, and
    Katherine E. Boyles, Assistant U.S. Attorney